J-S36044-16

2016 PA Super 111

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THERION WATSON, | |
| Appellant | No. 1134 MDA 2015 |

Appeal from the Judgment of Sentence February 14, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004265-2011

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED MAY 26, 2016**

Therion Watson ("Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County, which, sitting as finder of fact in Appellant's non-jury trial, convicted him of Robbery, Conspiracy to Commit Robbery, Burglary, Conspiracy to Commit Burglary, and Possession of a Firearm Prohibited.[1]  Appellant contends herein that the court erred in dismissing his Motion for Relief pursuant to Pennsylvania Rule of Criminal Procedure 600.  We affirm.

The trial court provides an apt summary of relevant case history as follows:

> Appellant was arrested in connection with the attack and robbery of one Terry Pullen on November 11, 2010.  Mr. Pullen

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(c), 3502(a), 903(c), and 6105(a)(1), respectively.

*Former Justice specially assigned to the Superior Court.

approached Officer Deborah Ewing of the Harrisburg Bureau of Police, who had been on patrol in a marked vehicle at approximately 11:53 p.m. that night. Mr. Pullen reported that two black males approached him outside of his rooming house as he returned from work as a taxicab driver. He said that the males forced him into his room at gun point and demanded he open his safe where he kept cash and personal papers. When he refused to open the safe, one of the men hit him in the head with a hammer. Mr. Pullen was able to escape the men and flee the rooming house, which is when he encountered Officer Ewing. Mr. Pullen gave Officer Ewing a report of the incident and a description of the perpetrators.

Detective Heffner of the HBP investigated the matter and determined that Appellant was one of the suspects in the robbery. After several months of searching for Appellant to no avail, Detective Heffner filed a criminal complaint and obtained an arrest warrant on June 15, 2011. Subsequently, on July 30, 2011, Appellant was located in North Carolina when he was arrested by police when he was operating a vehicle that had been reported stolen. After Appellant waived extradition and the criminal proceeding in North Carolina was concluded, he was transported back to Pennsylvania. Appellant appeared for preliminary arraignment at a Night Court session on September 6, 2011. Appellant, who was represented by an attorney, waived his preliminary hearing on October 17, 2011, and was formally arraigned on December 15, 2011. As stated above, Appellant did not stand trial until December 9, 2013.

\*\*\*

Pre-trial, Appellant claimed that all of his criminal charges should be dismissed with prejudice as the Commonwealth has violated Pa.R.Crim.P. 600 by not bringing him to trial within 365(A)(2)(a). The Commonwealth countered Appellant's assertion by contending that most of the elapsed time between the filing of the criminal complaint and the commencement of trial was excludable and/or excusable as it is attributable to the Appellant's own actions. The Commonwealth also argued that he had waived his "speedy trial" right by way of his legal counsel. Th[e trial court] disagreed with Appellant's position and denied his Motion.

\*\*\*

[The trial court thereafter] commenced a waiver trial.[1]...That same day, [the trial court] found Appellant guilty of all charges and deferred sentencing to February 14, 2014, for the preparation of a Pre-Sentence Investigation. Appellant was sentenced [to an aggregate sentence of not less than one-hundred twenty months nor more than two-hundred forty months' incarceration plus fines and costs. This timely appeal followed.]

Trial Court Opinion, filed May 30, 2014, at 3-4, 2.

Appellant presents one question for our review:

Whether the trial court erred in denying Appellant's Motion for Relief Pursuant to Pennsylvania Rule of Criminal Procedure 600?

Appellant's brief at 4.

Our standard and scope of review in analyzing a Rule 600 issue are both well-settled.

In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review ... is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those

- 3 -

contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

***Commonwealth v. Peterson***, 19 A.3d 1131, 1134-35 (Pa.Super. 2011), ***aff'd***, 615 Pa. 587, 44 A.3d 655 (2012).

Rule 600 provides, in pertinent part, that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). For purposes of computing when trial must commence, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included.... Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

There is no dispute that Appellant was brought to trial 908 days after the criminal complaint against him was filed, well beyond the 365-day mechanical run date contemplated in Rule 600(A)(2)(a).[2] Of the 908 days,

_____

[2] For purposes of Rule 600, the "mechanical run date":

is the date by which the trial must commence under Rule [600]. It is calculated by adding 365 days (the time for commencing

*(Footnote Continued Next Page)*

- 4 -

however, the trial court, pursuant to Rule 600(C)(1), excluded over 700 from the computation of time in which trial was required to commence because such delay was attributable solely to defense counsel requests for continuances. As such, the trial court concluded that trial commenced prior to the adjusted run date and, accordingly, in compliance with Rule 600(A)(2)(a).

Appellant contends that the first 21 days after his August 15, 2011, waiver of extradition plus an additional 177 thereafter[3]—a total of 198 days—are attributable to the Commonwealth. In an apparent concession that the Commonwealth's conduct during such period did not contribute to the belated commencement of his trial, Appellant transitions his argument abruptly to posit that it was incumbent upon the Commonwealth to object to defense counsel's serial requests for continuance and demand that Appellant be presented for trial as the mechanical run date drew near. In similar fashion, Appellant also contends that it was error for the trial court to

_(Footnote Continued)_ ———————

trial under Rule [600] ) to the date on which the criminal complaint is filed. . . . The mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.

***Commonwealth v. Lynn***, 815 A.2d 1053, 1056 (Pa.Super. 2003).

[3] The Commonwealth accepts responsibility only for the 177 days' delay.

attribute to him the remaining 700-plus days' delay comprising 17 defense requests for continuance when he never authorized these continuances.

Addressing Appellant's claim of trial court error first, we observe that he directs us to no authority, and we are aware of none, to support his contention that counsel must obtain a defendant's permission prior to requesting a continuance.[4] To the contrary, we have recognized that "[c]ontinuances are a matter of sound trial strategy within the reasonable purview of counsel." *Commonwealth v. Wells*, 521 A.2d 1388, 1391-92 (Pa.Super. 1987) (holding trial counsel has authority to agree to a continuance without the defendant's knowledge and consent). Appellant's claim of trial court error is without merit.

Likewise, Appellant fails to develop any argument, let alone one substantiated by authority, to advance the theory that the Commonwealth may be held accountable for delay caused by defense continuances. Our jurisprudence has suggested the opposite. *See*, *e.g.*, *Commonwealth v. Hunt*, 858 A.2d 1234, 1244 (Pa.Super. 2004) (holding dismissal under Rule 600 unwarranted where most circumstances occasioning postponement—

---

[4] To the extent Appellant's argument may be construed as alleging ineffective assistance of trial counsel, he must defer such a claim to PCRA review. *See Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013) (stating *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) remains pertinent law for timing of review for claims of ineffective assistance of counsel).

primarily defense continuances--were beyond control of Commonwealth). Moreover, there is no indication in the record that the Commonwealth engaged in dilatory practices either necessitating or contributing to the continuances in question. Given the provision in Rule 600(C)(1) that any delay other than that caused by the Commonwealth's lack of due diligence in bringing the case to trial shall be excluded from the computation of time within which trial must commence, we find no error with the Rule 600 computation of time below that excluded delay attributable to defense continuances over which the Commonwealth exercised no influence or control.

Judgment of sentence is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2016