J-S72012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THERION WATSON | : | |
| | : | |
| Appellant | : | No. 820 MDA 2018 |

Appeal from the PCRA Order June 25, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004265-2011

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED MARCH 05, 2019**

Therion Watson appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

In 2013, Appellant was convicted of robbery, burglary, conspiracy (to commit robbery), conspiracy (to commit burglary), and possession of firearm prohibited. On February 14, 2014, Appellant was sentenced to an aggregate prison term of ten to twenty years.[1] This Court affirmed Appellant's judgment

---

[1] Appellant was sentenced to ten to twenty years incarceration for the robbery conviction, with his remaining sentences to run concurrently with that sentence. As robbery is a felony of the first degree, *see* 18 Pa.C.S. § 3701, it is punishable by up to twenty years incarceration. *See* 18 Pa.C.S. § 1103(1). Appellant's remaining sentences also fell within the applicable statutory limits. *See* PCRA Court Opinion, 4/6/18, at 4-5.

of sentence, and our Supreme Court denied allowance of appeal on December 28, 2016. ***Commonwealth v. Watson***, 140 A.3d 696 (Pa.Super. 2016), *appeal denied*, 164 A.3d 480 (Pa. 2016).

On January 10, 2018, Appellant filed a timely *pro se* PCRA petition.[2] Therein, he averred that the mandatory minimum sentence that he received was illegal under ***Alleyne v. U.S.***, 570 U.S. 99 (2013). The PCRA court appointed counsel, and directed counsel to file an amended petition. Counsel subsequently filed a motion to withdraw along with a "no merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In his no merit letter, counsel expressed his reasons for concluding that the ***Alleyne*** illegal sentencing issue that Appellant wished to raise lacked merit.[3] The PCRA

---

[2] Under the PCRA, any petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id***. § 9545(b)(3); ***see also*** U.S.Sup.Ct.R. 13.1 (providing ninety days for filing of petition for writ of certiorari). It does not appear from the record that Appellant sought review in the Supreme Court of the United States. Accordingly, Appellant's judgment of sentence became final on March 30, 2017, which was ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant's time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. He therefore had until March 30, 2018 to file the instant petition.

[3] Notably, in counsel's motion to withdraw as well as in the PCRA court's Pa.R.A.P. 1925(a) opinion, it is indicated without discussion or analysis that Appellant raised two other issues in his *pro se* PCRA petition, namely: (1) that

court agreed and, on April 6, 2018, entered an order granting counsel's motion to withdraw and providing notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The Rule 907 notice indicated that Appellant had thirty days in which to file a response to the order. Appellant did not respond to the Rule 907 order; instead, on April 27, 2018, he filed a notice of appeal.[4] The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied. In his concise statement, Appellant raised various claims of ineffective assistance of trial and PCRA counsel. On June 25, 2018, the PCRA court entered a final order dismissing Appellant's petition.[5]

Appellant raises one issue for our review: "Was appointed [trial] counsel . . . ineffective for filing multiple continuances without her client's informed

---

government officials improperly obstructed his right of appeal; and (2) the sentence imposed was greater than the lawful maximum. However, our review of Appellant's *pro se* petition discloses no issue other than the ***Alleyne*** illegal sentencing issue.

[4] Appellant incorrectly indicated in his notice of appeal that he is appealing from the PCRA court's April 9, 2018 order. Based on our review of the docket, the only order entered on that date was an order denying Appellant's petition to proceed *pro se*.

[5] Here, although Appellant's *pro se* notice of appeal was filed prematurely, it was treated as timely filed on June 25, 2018, when the PCRA court entered an order dismissing the petition. ***See*** Pa.R.A.P. 905(a)(5) (providing that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). We have therefore changed the caption to reflect the proper order from which this appeal lies.

consent, while knowing the client's objective was a speedy trial?" Appellant's brief at unnumbered 8.

Initially, we must determine whether Appellant has preserved his issue for our review. The Pennsylvania Rules of Appellate Procedure provide that issues not raised by an appellant in the trial court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a). The issue Appellant now presents of trial counsel's ineffectiveness was not raised before the PCRA court in his *pro se* petition, in counsel's no merit letter, or in response to the PCRA court's Rule 907 notice. Accordingly, he has waived the issue. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Roney*, 79 A.3d 595, 611 (Pa. 2013) (holding that PCRA petitioner waived his issues for failing to present them to the PCRA court); Pa.R.Crim.P. 902(B) (stating that "[e]ach ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief.").[6]

Order affirmed.

---

[6] In his *pro se* PCRA petition, Appellant claimed that his sentence was illegal under *Alleyne*. Unlike other issues, an illegal sentencing claim is not subject to the traditional waiver doctrine. *See Commonwealth v. Wolfe*, 140 A.3d 651, 660 (Pa. 2016). Thus, even though Appellant did not raise this issue on appeal, we may address it *sua sponte*. *See Commonwealth v. Melvin*, 103 A.3d 1, 52 (Pa.Super. 2014). Based on our review, we are satisfied that Appellant's sentence does not implicate *Alleyne*. *See* PCRA Court Opinion, 4/6/18, at 5-6.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/05/2019