J-A01031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAVON HYMAN | : | |
| | : | |
| Appellant | : | No. 2671 EDA 2016 |

Appeal from the Judgment of Sentence July 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004227-2014,
CP-51-CR-0004228-2014

BEFORE:   LAZARUS, J., OTT, J., and PLATT\*, J.

MEMORANDUM BY OTT, J.:                           **FILED JUNE 28, 2019**

This case comes to us on remand from the Supreme Court of Pennsylvania for further consideration.  ***See Commonwealth v. Hyman***, 203 A.3d 982 (Pa. 2019) (*per curiam*).  Specifically, the Supreme Court directed us to reconsider our decision in light of ***Commonwealth v. Mills***, 162 A.3d 323 (Pa. 2017).  After reviewing ***Mills***, we again affirm on the basis of the trial court opinion.

The underlying facts and procedural history of this case were set forth in our prior decision filed on August 13, 2018.  ***See Commonwealth v.***

_____

\* Retired Senior Judge assigned to the Superior Court.

***Hyman***, 195 A.3d 988 [2671 EDA 2016] (Pa. Super. 2018) (unpublished memorandum). On March 2, 2016, a jury convicted Hyman of two counts each of robbery (threatens serious bodily injury), possession of firearm by a person prohibited, and possession of an instrument of crime ("PIC").[1] On July 20, 2016, the court sentenced Hyman to an aggregate term of ten to 20 years' incarceration, followed by ten years of probation.

Hyman filed a timely direct appeal, and on August 13, 2018, this Court affirmed the judgment of sentence, finding the trial court's April 12, 2017, opinion comprehensively discussed and properly disposed of the questions presented in the appeal. ***See*** Trial Court Opinion, 4/12/2017, at 3-12 (concluding: (1) Hyman's Rule 600 motion was properly denied because the Commonwealth demonstrated due diligence in bringing the matter to trial, including, *inter alia*: (a) there was no substantial delay on the part of the Commonwealth with respect to completing discovery, and not disclosing certain inculpatory evidence where (i) the Commonwealth "disclosed" the existence of the video recording of the robbery, Hyman had downloaded a copy of it long before trial commenced, and his insistence that he be provided a copy of the original video was frivolous; (ii) Hyman's request for copies of statements of unnamed witnesses, which were in the exclusive possession of

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 6105(a)(1), and 907(a), respectively.

the FBI, was misplaced since these items were not in the possession of the Commonwealth; (b) there were court scheduling conflicts; and (c) Hyman was a fugitive for a two-month period;[2] and (2) the court's instructions to the jury were proper where (a) Hyman's argument was highly subjective and distorted the record; (b) Hyman waited until after the jury had retired to raise his objection and therefore, it was untimely and waived; and (c) "in commenting on the evidence at trial in its charge, [the court] did not at any time attempt to 'usurp the power of the jury to be the sole judge of the evidence' but simply put it in context,"[3] and is not required to present balanced views of evidence as long as it states the law clearly and accurately, and therefore, "it was appropriate and proper for the Court to comment on the evidence at trial, notably the video of the robbery, the still photos, the unusual gun and the testimony of the complaining witness and the police officers."[4]). **See also**, **Hyman**, 195 A.3d 988 [2671 EDA 2016] (Pa. Super. 2018) (unpublished memorandum at 3-4).

_____

[2]  We acknowledge there is a scrivener's error on page 6 of the trial court's opinion, and that the first period of time at issue should have been between 2/18/2014 and 2/28/2014.

[3]  Trial Court Opinion, 4/12/2017, at 10.

[4]  **Id.** at 11.

- 3 -

Subsequently, Hyman filed a petition for allowance of appeal in the Pennsylvania Supreme Court. On March 11, 2019, the Supreme Court granted, in part, Hyman's petition. The order stated:

> **AND NOW**, this 11th day of March, 2019, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to the remaining issue. The issue, as stated by Petitioner, is:
>
> > Did not the Superior Court err and rely upon erroneous legal reasoning in upholding the trial court's order denying Javon Hyman's petition to dismiss pursuant to Rule 600?
>
> The order of the Superior Court is **VACATED**, and the case is **REMANDED** for reconsideration in light of ***Commonwealth v. Mills***, 640 Pa. 118, 162 A.3d 323 (Pa. 2017).

***Hyman***, 203 A.3d 982 (Pa. 2019) (*per curiam*) (emphasis in original).

Therefore, we have been directed by the Supreme Court to reconsider our decision in light of ***Mills***, ***supra***. In that regard, the ***Mills*** Court held that "time attributable to the normal progression of a case is simply not 'delay' for purposes of Rule 600." ***Mills***, 162 A.3d at 325. Furthermore, the ***Mills*** Court stated:

> Upon review, we agree with Appellant that time attributable to the normal progression of a case simply is not "delay" for purposes of Rule 600. *Accord* ***Morgan***, 484 Pa. at 123-24, 398 A.2d at 975. We realize that, given this Court's holding that periods of judicial delay are excludible from calculations under the rule, *see, e.g.,* ***Commonwealth v. Bradford***, 616 Pa. 122, 141, 46 A.3d 693, 705 (2012), courts of original jurisdiction must apply judgment in distinguishing between delay attributable to the court and that which should be allocated to a party.
>
> These courts also have discretion, however, to differentiate between time necessary to ordinary trial preparation and judicial delay arising out of the court's own scheduling concerns.

Accordingly, where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as "delay" for which the Commonwealth is not accountable. Here, however, the Commonwealth does not argue that it was prepared for trial during the 174 days in issue.

Under the Commonwealth's approach, time during which no one is prepared for trial—or even possibly could be ready—is "delay." Such theory is not borne out in any of this Court's decisions, and we find it to be inconsistent with both the letter and spirit of Rule 600.

*Mills*, 162 A.3d at 325.

The **Mills** decision requires the trial court to determine whether specific periods of elapsed time are attributable to either party or the court, and if the court is responsible, whether that is time attributable to ordinary trial preparation or delay arising from the court's own scheduling concerns.[5]

---

[5] Additionally, we are guided by the following: "The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party." **Commonwealth v. Plowden**, 157 A.3d 933, 936 (Pa. Super. 2017) (*en banc*) (citation omitted). Furthermore, "when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society." **Commonwealth v. Watson**, 140 A.3d 696, 697-698 (Pa. Super. 2016) (citation omitted), *appeal denied*, 164 A.3d 480 (Pa. 2016). Rule 600 provides, in relevant part, that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). With respect to the computation of time, Rule 600 provides that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

- 5 -

Here, Hyman argues that in accordance with **Mills**, there are two time periods the court erred in failing to include as part of the ordinary progression of the case: (1) the time between the filing of the complaints and the status of the discovery hearing; and (2) the time between the status of discovery hearing and the first trial date. **See** Hyman's Brief at 19-31.

With respect to the first period, the time between the filing of the complaints, December 19th and 27th, 2013, and the status of discovery hearing, June 19, 2014, Hyman contends that with the exception of 14 days which are attributable to a defense continuance, the remaining time should be included in the Rule 600 calculation. Further, Hyman asserts the period between the filing of the complaints and the first preliminary hearing

> was not addressed during oral argument, as it was implicitly conceded by the Commonwealth which did not address these dates during the argument when asked to specify which dates it argued were excludable (N.T. 7/9/15 at 6) (beginning its argument by addressing the time between February 28, 2014 and March 14, 2014). Furthermore, the trial court asserts, for the first time, in its opinion that the delay between the issuance of the first arrest warrant and the first preliminary hearing listing was due, in part, to Mr. Hyman "being a fugitive." Trial Court Opinion, Exhibit "C", at 8. There is simply nothing in the record that even addresses the time between the issuance of the warrants and Mr. Hyman's arrest, partly because the Commonwealth never argued that time period should not be included in the Rule 600 calculations. The trial court's assertion to that effect is, therefore, baseless.

Hyman's Brief at 19-20 n.7.

The trial court found the following:

> The first period of time at issue is the 10 day period, preceding [Hyman]'s preliminary hearing, between 2/18/2014 –

2/[2]8/2014. The Commonwealth concedes this delay was includable in the Rule 600 calculation. The next period at issue is the 14 day period, between 2/28/2014 - 3/14/2014. This delay was attributable to a defense request and, therefore, is excludable from the Rule 600 calculation. The 31 day delay, between 3/14/2014 - 4/10/2014, at which time the matter was held for court, attributable to the unexplained failure of the complaining witness to appear, is includable.

The next period of time to be considered is the 70 day period between 4/10/2014 - 6/19/2014, is attributable to the Court's scheduling matters, not to the lack of due diligence on the part of the Commonwealth, and is, therefore, not includable in the Rule 600 calculation. Although the docket indicates that discovery was not complete as of 5/28/14, as discussed above, this is not chargeable against the Commonwealth.

…

A further examination of [Hyman]'s Rule 600 calculations reveals that the 57 days between the issuance of the arrest warrant on 12/19/13 and 2/18/14, the date of [Hyman]'s first preliminary hearing are not includable Rule 600 calculations. This delay was attributable to [Hyman] being a fugitive and the Court's scheduling. Therefore the only time includable in the Rule 600 calculation are the 41 days of delay caused by the complaining witness' failure to appear at [Hyman]'s preliminary hearings scheduled for 2/18/14 and 3/14/14.

Trial Court Opinion, 4/12/2017, at 6-7, 8 (record citations omitted).

After reviewing the record, we agree with Hyman that the period between December 19, 2013 and February 18, 2014 was not addressed at oral argument on July 5, 2015. Furthermore, in its Rule 1925(a) opinion, the court did not explain how Hyman's status as a fugitive caused a delay with respect to the first preliminary hearing on February 10, 2014. The docket does reflect that the Commonwealth decided not to proceed at the preliminary hearing on February 10, 2014, and the hearing was continued until eight days

later on February 18, 2014. The docket does not indicate that the hearing was continued due to Hyman's unavailability based on his fugitive status. Accordingly, that eight-day delay period is assigned to the Commonwealth pursuant to Rule 600.

Additionally, there is nothing in the record to indicate that the 53-day period between the filing of complaints and the first preliminary hearing on February 10, 2014, could be ascribed as anything other than the normal progression of a case. **See Mills**, 162 A.3d at 325. While it is unclear from the record, even if we were to combine this time period with the remainder of the days that are attributable to the Commonwealth under Rule 600, including the eight days as determined **infra**, the matter would still not exceed the 365 day limit. **See** Trial Court Opinion, 4/12/2017, at 8 (finding "the only time includable in the Rule 600 calculation are the 41 days of delay caused by the complaining witness' failure to appear at [Hyman]'s preliminary hearings scheduled for 2/18/14 and 3/14/14.").[6]

With respect to the second period, the time between the status of discovery hearing, June 19, 2014, and the first trial date, June 9, 2015, Hyman asserts this period should be included because the Commonwealth was not duly diligent in bringing the matter to trial and there was no judicial delay.

---

[6] Because the case did not go over the 365-day limit for Rule 600 purposes, we conclude it is not necessary to remand the matter to determine the reasoning behind the delay between the complaint and the first scheduled preliminary hearing.

*See* Hyman's Brief at 21-31. In our prior decision, we concluded the trial court did not err in finding the Commonwealth demonstrated due diligence during this period. *See Hyman*, 195 A.3d 988 [2671 EDA 2016] (Pa. Super. 2018) (unpublished memorandum); *see also* Trial Court Opinion, 4/12/2017, at 5-6. We need not revisit that part of Hyman's argument in our analysis.

Consequently, we are left to determine whether the *Mills* decision changes the status of this period from excludable to includable delay. In reviewing the time period, the trial court found the following:

> The next period of time to be considered is the 355 day period between 6/19/2014 - 5/29/2015. On 6/10/2014, this matter was [scheduled] for a pre-trial conference on 5/29/15 and trial scheduled for 6/9/2015. This period of time is attributable to the Court's scheduling and is not includable in the Rule 600 calculation. Furthermore, [Hyman] concedes that the trial date of 6/9/2015 was the earliest possible date available to the Court. Again, the docket indicates that discovery was not complete as of 6/19/14 and, as discussed above, this is not chargeable against the Commonwealth.

Trial Court Opinion, 4/12/2017, at 7.

We agree with the trial court's conclusion for several reasons. A review of the record does not reveal that Hyman was forced to request a continuance for any reason. More importantly, Hyman conceded that June 9, 2015, was earliest possible date available to the court for trial. *See* N.T., 7/19/2015, at 23 (Defense counsel stated that the trial court's "room is so filled with trials that this was the earliest possible date[.]"). Therefore, the trial court correctly excluded this time from the Rule 600 computation as it was the result of

judicial delay caused by the court's own scheduling concerns, and not attributable to the parties.

Lastly, we find the court did not err in its findings regarding the remainder of the time, which included periods that were determined to be attributable to the defense, the Commonwealth, and judicial delay arising out of the court's own scheduling concerns. **See** Trial Court Opinion, 4/12/2017, at 6-8. Accordingly, we conclude the trial court properly determined the Commonwealth met its obligation in diligently bringing Hyman to trial in accordance within the time requirements of Rule 600 and pursuant to **Mills**. The record supports this determination, and we discern no abuse of discretion in the court's denial of Hyman's Rule 600 motion to dismiss.[7]

Judgment of sentence affirmed.

Judge Platt did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/19

---

[7] "[A]n appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it." **Commonwealth v. Diaz**, A.3d 417, 421 (Pa. Super. 2018).