J-A09014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HOUDINI MASOYAMA SAUNDERS | : | |
| | : | |
| Appellant | : | No. 1289 MDA 2022 |

Appeal from the Judgment of Sentence Entered February 1, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001602-2015

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 24, 2023**

Houdini Masoyama Saunders appeals from the judgment of sentence imposed following his convictions for possession of a controlled substance with intent to deliver and possession of drug paraphernalia.  Specifically, Appellant challenges the trial court's denial of his Pa.R.Crim.P. 600 motion.  We affirm.

We provide the following background.  On July 16, 2014, the Dauphin County Drug Task Force conducted a controlled buy in Susquehanna Township.  In the presence of task force officers, a confidential informant ("CI") placed a telephone call to purchase a brick of heroin.  Based on the call, an undercover agent drove the CI to the parking lot of a shopping center. Shortly thereafter, a rental car with one occupant entered the lot.  The CI entered the passenger side of the rental car, they drove around the parking lot once, and the CI returned to the undercover agent with forty-two bags of heroin.  Officers followed the rental car as it drove away, conducted a traffic

stop, and identified the driver and sole occupant as Appellant. Pursuant to the ongoing investigation, Appellant was not arrested or detained at that time.

On October 29, 2014, Appellant was charged by criminal information with the drug-related charges. Of relevance to the instant appeal, on March 16, 2015, Appellant was transported to state prison for a state parole detainer. When he did not appear at his formal arraignment, which had been scheduled for May 11, 2015, the court issued a bench warrant. Appellant was arrested and detained on the bench warrant on August 17, 2016. Appellant posted bail and thereafter filed *pro se* motions to dismiss the charges pursuant to Rule 600. The court held a Rule 600 hearing on October 7, 2016, but Appellant failed to appear. The court dismissed the motions and scheduled the next court date for November 16, 2016. Throughout these proceedings, Appellant had a pending application with the public defender's office for representation. After being appointed to represent Appellant, the public defender's office twice filed a motion for continuance on Appellant's behalf, which the court granted, continuing the matter until March 1, 2017.

Between that date and January 3, 2018, the case was rescheduled multiple times, resulting in a scheduled court date for March 7, 2018. However, on February 5, 2018, Appellant filed a counselled motion to dismiss pursuant to Rule 600. Therein, he argued that more than 1,000 days had passed since the filing of the complaint, much of the delay was directly attributable to the Commonwealth, and, with respect to his parole detainer, "even a minimal exercise of due diligence on the part of the Commonwealth

would have revealed [Appellant's] location." Rule 600 Motion to Dismiss, 2/5/18, at ¶ 8. The court held a Rule 600 hearing solely focusing on the period of delay while Appellant was in state custody. After taking the matter under advisement, the court denied Appellant's Rule 600 motion. Appellant proceeded to a jury trial and was convicted of the aforementioned crimes and sentenced to an aggregate term of incarceration of two to six years. Appellant timely appealed to this Court, but we dismissed the appeal for failure to file a brief.

Upon petition, the trial court reinstated Appellant's post-sentence and direct appeal rights *nunc pro tunc*. Appellant timely filed post-sentence motions *nunc pro tunc*, which the trial court denied, and another appeal to this Court followed. Appellant's challenges regarding jury instructions and the sufficiency and weight of the evidence garnered him no relief. ***See Commonwealth v. Saunders***, 273 A.3d 1020 (Pa.Super. 2022) (non-precedential decision at 6-13). With respect to his Rule 600 claim, we conducted an extensive review and determined that there were 236 days of delay for which the record was silent as to causation and could be dispositive as to whether he "had a valid Rule 600 claim on the date he filed his motion to dismiss." ***Id***. (non-precedential decision at 21). As "the trial court failed to provide an adequate analysis regarding all periods of pretrial delay in the instant case[,]" we remanded "for the limited purpose of conducting a supplemental Rule 600 hearing where the court can consider the delays that

occurred following Appellant's 2016 release from state custody." **Id**. (non-precedential decision at 22).

The trial court held the supplemental Rule 600 hearing and issued a supplemental opinion, finding "the entirety of the 236 days in issue to be excludable delay under Rule 600 and that the Commonwealth exercised due diligence." Trial Court Supplemental Opinion, 12/22/22, at 3. This timely appeal followed. No additional PA.R.A.P. 1925(a) opinions or 1925(b) concise statements of error were filed in connection with this appeal, and Appellant presents a single issue for our review: "Whether the trial court abused its discretion when it denied Appellant's motion to dismiss the criminal docket pursuant to Pa.R.Crim.P. 600?" Appellant's brief at 7 (capitalization altered).

We begin with the applicable legal principles.

> Our standard of review of a Rule 600 determination is whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will[,] discretion is abused. Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party.

*Commonwealth v. Morgan*, 239 A.3d 1132, 1137 (Pa.Super. 2020) (cleaned up). When reviewing a trial court's discretion, we are "not permitted to ignore the dual purpose behind Rule 600[,]" namely, "(1) the protection of the accused's speedy trial rights, and (2) the protection of society."

- 4 -

*Commonwealth v. Martz*, 232 A.3d 801, 809-10 (Pa.Super. 2020) (cleaned up).

Rule 600 provides in pertinent part as follows:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

. . . .

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence.  Any other periods of delay shall be excluded from the computation.

. . . .

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance.  The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether

the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

. . . .

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

Here, the Commonwealth filed the criminal complaint against Appellant on October 29, 2014, and it was required to bring Appellant to trial within 365 days of that filing. However, Appellant was not brought to trial until January 15, 2019, more than three years after the expiration of Appellant's mechanical run date. As detailed by Rule 600, a defendant's run date may be adjusted.

The adjusted run date is calculated by adding to the mechanical run date . . . both excludable time and excusable delay. "Excludable time" is classified as periods of delay caused by the defendant. "Excusable delay" occurs where the delay is caused by circumstances beyond the Commonwealth's control and despite its due diligence. Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. Due diligence includes, *inter alia*, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600. Periods of delay caused by the Commonwealth's

failure to exercise due diligence must be included in the computation of time within which trial must commence.

***Martz***, ***supra*** at 810–11 (cleaned up). Stated simply, "when the Commonwealth causes delay, the Rule 600 clock continues to tick; when the defendant causes the delay, the clock stops." ***Morgan***, ***supra*** at 1137 (cleaned up).

To obtain relief, a defendant must "have a valid Rule 600 claim at the time" of filing the motion to dismiss. ***Commonwealth v. Hunt***, 858 A.2d 1234, 1243 (Pa.Super. 2004) (*en banc*). Appellant filed the instant Rule 600 motion on February 5, 2018. This Court has already conducted a thorough review of the record created at the trial court's first Rule 600 hearing on this motion, as summarized by the following chart:

| DATES | ACTIVITY | DAYS DELAY | EXCLUDABLE | ADJUSTED RUN DATE |
|---|---|---|---|---|
| 10/29/14-3/12/15 | Commonwealth filed criminal complaint; court conducted preliminary arraignment | 134 | No | 10/29/15 |
| 3/12/15-5/11/15 | Court conducted preliminary hearing; court granted Appellant's release on unsecured bail; court scheduled formal arraignment for 5/11/15 | 60 | No | 10/29/15 |
| 5/11/15-8/17/16 | Prior to formal arraignment, Appellant was transported to state prison for a state parole detainer; Appellant did not appear for formal arraignment; court | 464 | Excludable; Appellant failed to appear at court proceeding, despite | **2/4/17** |

| | | | | |
|---|---|---|---|---|
| | issued bench warrant due to Appellant's failure to appear | | having reasonable notice | |
| 8/17/16-9/14/16 | Appellant was arrested and detained on the bench warrant; docket indicates Appellant posted bail on 8/22/16 | 28 | No | 2/4/17 |
| 9/14/16-11/16/16 | Appellant filed *pro se* Rule 600 motions; Appellant did not appear at Rule 600 hearing; court dismissed *pro se* Rule 600 motion; court did not issue bench warrant, as it decided to wait and see if Appellant appeared at next scheduled listing on 11/16/16 | 63 | Excludable; Appellant's pretrial filing created delay | **4/8/17** |
| 11/16/16-2/2/17 | Appellant requested continuance; court granted continuance until 2/2/17; Appellant expressly agreed to waive this period for Rule 600 purposes | 78 | Excludable; continuance requested | **6/25/17** |
| 2/2/17-3/1/17 | Appellant requested continuance; court granted continuance until 3/1/17; Appellant expressly agreed to waive this period for Rule 600 purposes | 27 | Excludable; continuance requested | **7/22/17** |

*Saunders*, *supra* (non-precedential decision at 20-21).

Between March 1, 2017, and February 5, 2018, the date that Appellant filed the instant Rule 600 motion, Appellant's case was rescheduled approximately six times. We determined that, based on the record before us, the docket indicated "that Appellant's unavailability created one stretch of

- 8 -

delay: the 105-day period from August 2, 2017[,] through November 15, 2017." *Id*. (non-precedential decision at 21). However, as discussed hereinabove, that still left 236 days unaccounted for: March 1, 2017, to August 2, 2017, and November 15, 2017, to February 5, 2018. Since the merits of Appellant's Rule 600 claim hinged on how much of that period was considered excludable, we remanded for the trial court to "consider the delays that occurred following Appellant's 2016 release from state custody." *Id*. (non-precedential decision at 22) (citation omitted).

At the supplemental Rule 600 hearing following remand, the Commonwealth admitted seven transcripts, wherein Appellant's counsel requested continuances on the record and waived Rule 600 on Appellant's behalf. *See* N.T. Continuance, 3/1/17, at 2 (requesting defense continuance until April 19, 2017, and waiving Rule 600); N.T. Continuance, 4/19/17, at 2 (requesting defense continuance until July 12, 2017, and waiving Rule 600); N.T. Continuance, 7/12/17, at 2 (requesting defense continuance until September 27, 2017, and waiving Rule 600); N.T. Continuance, 9/27/17, at 2 (requesting defense continuance until November 15, 2017, and waiving Rule 600); N.T. Continuance, 11/15/17, at 2 (requesting defense continuance until January 3, 2018, and waiving Rule 600); N.T. Continuance, 1/3/18, at 2 (requesting defense continuance until March 7, 2018, and waiving Rule 600).

In support of his Rule 600 motion, Appellant testified he was unaware that his counsel had requested those continuances and that he believed they were instead pursuing a Rule 600 motion. *See* N.T., 6/17/22, at 6-8, 10. In

other words, Appellant insisted that because he was unaware of the continuances, they could not be counted against him for Rule 600 purposes. The trial court rejected Appellant's argument and instead found the entirety of the 236 days excludable and that the Commonwealth exercised due diligence. *See* Trial Court Supplemental Opinion, 12/22/22, at 3. Expounding on its conclusion, the trial court held that

> [i]t defies logic to suggest that the Commonwealth caused the continuances in question. The record demonstrates that each relevant continuance was requested by [Appellant's] counsel and was granted by this court. The Commonwealth simply did not cause the delay at issue. It appears to this court that [Appellant] is trying to fit a square peg into a round hole by attempting to jam an ineffective assistance argument into a Rule 600 claim.

*Id*. at 4 (capitalization altered).

We agree with the trial court. Appellant offers no authority in support of his contention that for Rule 600 purposes a defense attorney must obtain permission from the defendant before requesting a continuance. In fact, this Court has previously explained that no such authority exists. *See Commonwealth v. Watson*, 140 A.3d 696, 699 (Pa.Super. 2016) ("Addressing [Watson's] claim of trial court error first, we observe that he directs us to no authority, and we are aware of none, to support his contention that counsel must obtain a defendant's permission prior to requesting a continuance." (footnote omitted)). "To the contrary, we have recognized that continuances are a matter of sound trial strategy within the reasonable purview of counsel." *Id*. (cleaned up). As aptly observed by the trial court,

"[t]o the extent Appellant's argument may be construed as alleging ineffective assistance of trial counsel, he must defer such a claim to PCRA review." ***Id***. at 699 n.4 (citations omitted). Accordingly, since the trial court did not abuse its discretion in considering the 236-day delay caused by defense continuances to be excludable time, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/24/2023