J-A09037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN J. INGRAM | : | No. 799 WDA 2024 |

Appeal from the Order Entered June 4, 2024
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-CR-0000126-2023

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: June 24, 2025**

The Commonwealth of Pennsylvania appeals from the order granting the motion filed by Steven J. Ingram ("Ingram") to dismiss the pending criminal charges based on Pa.R.Crim.P. 600.[1]  We reverse the order and remand for further proceedings.

In April 2023, Ingram's wife reported that he had struck his head into her face with such force that he broke her teeth.  On April 25, 2023, police arrested Ingram and charged him by written criminal complaint with simple assault.  Per Rule 600, the mechanical run date of 365 days in which to bring

---

[1] Pursuant to Rule 600, the Commonwealth is required to bring a criminal matter to trial within 365 days after a written complaint has been filed.  **See** Pa.R.Crim.P. 600(2)(a).  However, as we explain **infra**, any delay in the time for trial that is attributable to the judiciary may be excluded from the computation of time.  **See** Pa.R.Crim.P. 600 cmt; **see also Commonwealth v. Crowley**, 466 A.2d 1009 (Pa. 1983).

the matter to trial was April 25, 2024. A preliminary hearing was scheduled for May 4, 2023; however, the Commonwealth requested a five-day continuance, until May 9, 2023, due to the unavailability of the police officer affiant. Ingram waived his arraignment on June 26, 2023, and the case was scheduled for the call of the criminal trial list on September 12, 2023.

On that date, Ingram requested a jury trial. The trial court judge, Honorable Louis Dayich ("Judge Dayich"), acknowledged that Ingram was requesting a jury trial, but indicated that "[w]e are unable to immediately honor his request for a jury trial." N.T., 9/12/23, at 6. Judge Dayich explained, "we just can't pick a trial date for you right away." *Id*. at 7. Instead, Judge Dayich indicated that the best that the court could do was to schedule a pretrial management conference on November 17, 2023. *See id*. at 4-5. Judge Dayich went on to state that, on November 17, 2023, it would consider Ingram's trial request, as well as other trial requests, and "make an informed decision and enter an appropriate order scheduling the matter for an event in the future." *Id*. at 6. On that same date, Judge Dayich entered an order reflecting these comments. *See* Order, 9/12/23, at 1-2.

At the pretrial management conference conducted on November 17, 2023, Judge Dayich stated on the record, "Ingram is present, has made a trial request. We were – we were unable to accommodate [Ingram's] request for trial, and thus, set the matter for pre[]trial management scheduling conference for this date." N.T., 11/17/23, at 4. Judge Dayich then stated

that another pretrial management conference had been scheduled for January 12, 2024, and jury selection was scheduled for January 17, 2024. *See id*. Judge Dayich concluded the hearing by indicating that, "if there are Rule 600 issues, we deal with them eventually." *Id*. at 4-5. On November 20, Judge Dayich entered an order reflecting the matters discussed at the hearing, and specifically noted that "[t]he Commonwealth indicates that they are prepared to proceed." Order, 11/20/23, at 1.[2] Judge Dayich additionally indicated that "a date certain for trial will be set by separate court order at a later date." *Id*.

At the pretrial management conference conducted on January 12, 2024, Ingram waived his right to a jury trial and opted for a non-jury trial. *See* N.T., 1/12/24, at 3. The Commonwealth consented to Ingram's request. *See id*. Judge Dayich then inquired of the parties whether a "half a day . . . would be plenty" of time in which to conduct the bench trial. *Id*. at 7. The new prosecutor indicated her agreement that a half-day of trial would be sufficient. *See id*. at 8. Judge Dayich then engaged in the following exchange with the court administrator to schedule the half-day bench trial, whereupon the court administrator indicated to Judge Dayich that he had no availability to conduct a half-day bench trial prior to May 2024:

---

[2] Judge Dayich also observed that a new district attorney had been elected, and that a personnel change would take effect on January 1, 2024. *See* Order, 11/20/23, at 1. Judge Dayich further explained that "[t]o give the new District Attorney's office the opportunity to have input with regard to scheduling and the priority in this case, a pretrial management conference is set for Friday, January 12, 2024 . . . .." *Id*. at 2.

THE COURT: All right. So, Sheila, that—whatever that might --- that's still probably a while yet, but.

COURT ADMINISTRATION: It[']s going to be a while.

THE COURT: Yes.

COURT ADMINISTRATION: Probably May at the earliest.

THE COURT: Oh.  Even if it was—

COURT ADMINISTRATION: I have an opening —

THE COURT: -- what if it was, like, 10:00 till something, we could do that.

COURT ADMINISTRATION: I have—I have an opening if we can do it from 2:00 to 4:30, but that may be a little short.

THE COURT: Well, two hours sort of will — if — whatever— whatever you — it's — it's — now it's set.  We'll get it moving. [Ingram's] free on — free on bail, and we understand all that.  But if you started — if you had a date where you could start something at 10:00 a.m., that would probably work, too.  But it's up to you, totally.

*Id*. at 8.

On January 16, 2024, Judge Dayich entered an order indicating that he would assign a trial date by separate order.  On January 22, 2024, Judge Dayich entered an order scheduling the trial for June 4, 2024.

On May 31, 2024, approximately one week prior to the scheduled trial date, the matter was reassigned to Honorable Jeffry Grimes ("Judge Grimes"). On the day prior to trial, Ingram sought recusal of Judge Grimes on the grounds that he had presided over a collateral protection from abuse matter against Ingram.  Judge Grimes denied the motion.  Ingram then sought

- 4 -

dismissal of all charges pursuant to Rule 600, alleging that the mechanical run date had expired on April 25, 2024. Judge Grimes set the matter for a hearing on June 4, 2024.

At the Rule 600 hearing, Ingram's counsel argued that he had not sought any continuances, and further averred that the Commonwealth took no action to advance the trial date prior to the mechanical run date. In response, the Commonwealth argued that the five-day continuance it sought due to the unavailability of the police officer affiant for the preliminary hearing was excusable and excluded from the calculation because the Commonwealth acted with due diligence. The Commonwealth further argued that, since November 2023, it had been ready to proceed with trial, and that the delays in bringing the matter to trial were entirely attributable to the trial court, which could not accommodate Ingram's request for trial until June 4, 2024. At the conclusion of the hearing, Judge Grimes determined that the Commonwealth failed to act with due diligence, granted Ingram's Rule 600 motion, and dismissed the charges. **_See_** N.T., 6/4/24, at 11; **_see also_** Order, 6/4/24, at 1 (granting Ingram's Rule 600 motion and dismissing the pending charges). The Commonwealth filed a timely notice of appeal, and both it and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issues for our review:

1. The trial court erred as a matter of law when it granted [Ingram's] Rule 600 motion finding that due diligence required the Commonwealth to file a motion for an earlier trial date when the court previously found and the record confirms that

the Commonwealth was ready to proceed five months prior to the mechanical run date; when the prior trial court [judge] stated it was setting a trial date by separate order of court and when the separate order of court was issued outside of the presence of the parties and their counsel without the input or consent of the parties and their counsel?

2. The trial court abused its discretion when it failed to *sua sponte* recuse itself from ruling upon the Rule 600 matter when the issue was one of the Commonwealth's due diligence[,] and the instant trial court [judge] was not in a position to determine the Commonwealth's due diligence in the instant case given the instant trial court [judge] had no substantive contact with the case before it ruled on the Rule 600 motion.

3. The trial court abused its discretion when it failed to consider all the factors effecting the timing of the trial, including the prior trial court[ judge's] calendar; the prior trial court[ judge's] orders indicating that the Commonwealth was ready and the prior trial court[ judge's] action in setting a trial by separate court order after [Ingram] sought a bench trial and determined instead that due diligence required an affirmative act from the Commonwealth to seek a change in the trial date set by the prior trial court [judge].

Commonwealth's Brief at 2-3.

As the Commonwealth's issues are interrelated, we will address them together. In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. *See* ***Commonwealth v. Herring***, 271 A.3d 911, 915-16 (Pa. Super. 2022). In this regard:

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice,

bias, or ill will, as shown by the evidence or the record, discretion is abused.

***Commonwealth v. Leaner***, 202 A.3d 749, 765-66 (Pa. Super. 2019) (citation omitted; brackets in original). An appellate court's scope of review is "limited to the evidence on the record of the Rule 600 evidentiary hearing" and the trial court's findings of fact. ***Commonwealth v. Watson***, 140 A.3d 696, 698 (Pa. Super. 2016). Appellate courts must construe the facts in the light most favorable to the prevailing party. ***Id***.

Rule 600 states that the "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). In regards to the computation of time, Rule 600 provides that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence, while "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). The Commonwealth's failure to bring the defendant to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice. Pa.R.Crim.P. 600(D)(1).

Rule 600 permits certain circumstances to extend the Commonwealth's deadline. Those delays include delay caused by the defendant and delay that occurred "as the result of circumstances beyond the Commonwealth's control and despite its due diligence," such as delay in the time for trial that is

attributable to the judiciary. Pa.R.Crim.P. 600(C)(1)-(2); Pa.R.Crim.P. 600, cmt. "In determining whether the Commonwealth has exercised due diligence, the courts have explained that due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." Pa.R.Crim.P. 600, cmt. (citations omitted).

Our Supreme Court has clarified that:

[T]ime attributable to the normal progression of a case simply is not "delay" for purposes of Rule 600. We realize that, given this Court's holding that periods of judicial delay are excludible from calculations under the rule, courts of original jurisdiction must apply judgment in distinguishing between delay attributable to the court and that which should be allocated to a party. These courts also have discretion, however, to differentiate between time necessary to ordinary trial preparation and judicial delay arising out of the court's own scheduling concerns. Accordingly, ***where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as "delay" for which the Commonwealth is not accountable***.

***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017) (citations omitted, emphasis added).

The Commonwealth asserts that, during the pendency of this case there was only one request by the Commonwealth for a continuance due to the unavailability of the police officer affiant at the preliminary hearing, and this single request resulted in a delay of only five days. The Commonwealth argues this delay was excusable, and extended the mechanical run date by five days, since the Commonwealth acted with due diligence. The

Commonwealth emphasizes there is no evidence of record that it caused any other delay in the proceedings. Instead, it avers, the record shows that all other delays were entirely attributable to the trial court's calendar and unavailability.

The Commonwealth points out that, in the order entered on September 12, 2023, Judge Dayich expressly indicated that the court was "unable to immediately honor [Ingram's] request for a jury trial." Order 9/12/23, at 1. The Commonwealth further points out that, in the subsequent order entered on November 17, 2023, Judge Dayich expressly acknowledged that the "Commonwealth indicates that they are prepared to proceed." *See* Order, 11/17/23, at 1. The Commonwealth asserts the trial court then set a pretrial management conference for January 12, 2024, which represented a 121-day delay from September 12, 2023, to January 12, 2024. The Commonwealth contends that, adding those days to the mechanical run date would extend the adjusted run date beyond the scheduled June 4, 2024 trial date, as June 4, 2024, was only forty-one days beyond the adjusted run date.

The Commonwealth further claims that Judge Grimes abused his discretion by ruling that, upon receiving the order scheduling the trial for June 4, 2024, the Commonwealth was required to file a motion asking Judge Dayich to reschedule the trial to a date prior to the mechanical run date of April 25, 2024. The Commonwealth points out that it does not have any control over the trial court's calendar or availability. The Commonwealth further contends

that due diligence does not require the Commonwealth to manage the court's calendar or insist that the court make itself available. Additionally, the Commonwealth argues, it would have been futile for it to have filed a motion requesting an earlier trial date when Judge Dayich had no availability until June 4, 2024. Furthermore, the Commonwealth submits that, under established legal precedent, it was not required to file such a motion.

Finally, the Commonwealth asserts that whereas Judge Dayich set the June 4, 2024 trial date and acknowledged that the delays were attributable to his unavailability, Judge Grimes had no firsthand knowledge of the proceedings or the Commonwealth's due diligence at each stage of the proceedings. The Commonwealth avers that, without the benefit of such knowledge, Judge Grimes improperly focused on the period from January 12, 2024, until June 4, 2024, and failed to consider the proceedings and orders entered by Judge Dayich prior to January 2024. According to the Commonwealth, such knowledge was necessary to rule on a Rule 600 motion, and Judge Grimes should have declined to decide the motion.

Judge Grimes considered the Commonwealth's issues but found them without merit, reasoning:

> The defense argued that the Commonwealth took no action to advance the trial date, and the instant court agreed. The transition of the newly elected district attorney may have played a role in the delay or lack of action, and therefore, did not demonstrate that the Commonwealth had exercised due diligence as more than 365 days had passed since the filing of the criminal complaint at the time of the defense filing its Rule 600 motion. Although the Commonwealth argues that it was prepared on

November 17, 2023, the Commonwealth was represented by the newly elected district attorney as of January 12, 2024, who made no such averment.

We determined that as a result of the Commonwealth's lack of due diligence and the associated passage of time, [Ingram's] request to dismiss pursuant to . . . Rule 600, was appropriate and dismissed the charges.

Trial Court Opinion, 8/1/24, at 3 (unnecessary capitalization omitted).

Based on our review, we are constrained to conclude that the trial court abused its discretion in granting Ingram's Rule 600 motion to dismiss the charges. On the record before us, the Commonwealth requested only one continuance due to the unavailability of the police officer affiant for the preliminary hearing. Even if we were to find that the Commonwealth did not act with due diligence in seeking this continuance, we would attribute only five days of delay to the Commonwealth. All other delays were solely attributable to Judge Dayich's court calendar and his unavailability to conduct a trial until June 4, 2024. Indeed, even back in November 2023, the court administrator informed Judge Dayich on the record that he had no availability, even for a half-day bench trial, until May 2024, which was beyond the mechanical run date of April 25, 2024.

While we credit Judge Grimes' recognition that a new district attorney had been elected in Greene County and had entered her appearance in the case in early January 2024, we find no indication in the record that she was unprepared to proceed with trial. Indeed, at the January 12, 2024 pretrial management conference, she acquiesced to Ingram's request for a bench trial,

- 11 -

and confirmed to the trial court that the bench trial could be completed in half a day.

Finally, we find no support for the trial court's determination that, upon receiving a trial date beyond the mechanical run date, the Commonwealth was required to file a motion requesting the trial court to reschedule the matter to a date within the mechanical run date. The Commonwealth is obligated to act with due diligence to bring the case to trial within 365 days, and to therefore put forth a reasonable effort to matters and circumstances within its control. However, a trial court's calendar and availability to conduct a trial are matters beyond the Commonwealth's control. As explained above, where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as "delay" for which the Commonwealth is not accountable, and instead regarded as judicial delay arising out of the court's own scheduling concerns. *See Mills*, 162 A.3d at 325. Thus, as the delays in this matter occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, we conclude that the trial court abused its discretion in granting Ingram's Rule 600 motion. We therefore reverse the order and remand for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/24/2025