J-A24041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.H.F. | : | |
| | : | |
| Appellant | : | No. 538 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010425-2015

BEFORE:  LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED OCTOBER 26, 2021**

J.H.F.[1] appeals from the order denying his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Philadelphia County (PCRA court).  He claims ineffective assistance of counsel and constitutional violations.  We affirm.

We take the following factual background and procedural history from our independent review of the record and the PCRA Court's April 21, 2021 opinion.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The names of the parties and other individuals involved in this case have been changed to initials to protect the privacy interests of I.Z.  **See** I.O.P. 424(A).

**I.**

On September 3, 2015, J.H.F. was arrested and charged with unlawful contact with a minor, corruption of minors and indecent assault-person less than fourteen years of age.[2] The charges related to a June 21, 2015 incident in which J.H.F. assaulted I.Z., his stepdaughter's fourteen-year-old-friend, in his car.

A jury trial commenced on December 13, 2016, which resulted in a hopelessly deadlocked jury. The trial court granted a mistrial and the case was reassigned for a retrial.[3]

At the retrial, the Commonwealth presented the testimony of complainant, I.Z.; V.Z. (I.Z.'s maternal aunt); G.R. (I.Z.'s father); Philadelphia Police Detective Linda Blowes; Philadelphia Children's Alliance Forensic Interview Specialist, Caroline Castano; and L.Z. (I.Z.'s mother), whose December 2016 trial testimony was read into the record due to her unavailability for the second trial due to medical issues. J.H.F. presented the testimony of Z.M. (I.Z.'s friend and paternal half-sister) and A.F. (Z.M.'s mother). J.H.F. testified on his own behalf.

In its opinion, the trial court explains:

---

[2] 18 Pa.C.S. §§ 6318(a)(1), 6301(a)(1) and 3126(a)(8).

[3] The December 13, 2016 trial was before Judge Donna Woelpper. It was reassigned to Judge Charles A. Ehrlich for the retrial.

- 2 -

Complainant, I.Z., testified that on June 21, 2015, [J.H.F.] and she drove in [J.H.F.]'s car to a Boston Market Restaurant to eat and afterwards they drove to and sat in his car in Fairmount Park to "observe the stars." Once parked, [J.H.F.] opened the car's sunroof and reclined I.Z.'s passenger seat. [J.H.F.] then placed his arm around I.Z. and began to rub her arm and abdomen area. [J.H.F.] then kissed I.Z.'s neck and jaw while he continued rubbing her abdomen. After approximately five (5) minutes, I.Z. told [J.H.F.] that it was time to go and [he] asked her "I didn't make you feel uncomfortable, right?" I.Z. was too frightened to speak and was only able to shake her head "no." (N.T. Trial, 11/29/17, at 22-52).

[J.H.F.] and I.Z then left the park and began to drive home. On the way, [J.H.F.] told I.Z., "You smell so good that [I] could eat [you] up now." (*Id.* at 53). During his ride home, I.Z., because of her uncomfortableness with [J.H.F.], asked him to let her out of the car. However, [J.H.F.] refused, saying that he would not be able to live with himself if something happened to her. Upon reaching I.Z.'s house, but prior to letting I.Z. exit his car, [J.H.F.] looked at I.Z. and said, "I hope I didn't make you feel uncomfortable?" I.Z. shook her head "no" and [J.H.F.] then grabbed her face with his hands and kissed her on the lips. (*Id.* at [53-58]).

I.Z. told her parents what happened with [J.H.F.] and her mother called the police. Text messages that were subsequently sent from [J.H.F.] to I.Z. were shown to the police. These text messages from [J.H.F.] included, "Did u have a good time? I hope so. I also hope u are not upset with me." (*Id.* at 69-70, 75-76).

At trial, [J.H.F.] testified in his own behalf. Prior to his arrest, [he] was interviewed by the police about the incident and he acknowledged that he hugged her that night. [J.H.F.] stated that he only touched her arms while hugging her and that he didn't touch her anywhere else, adding, "but no boobs, none of that." (N.T. Trial, 11/30/17, 165-67; Commonwealth's Exhibit 9).

\* \* \*

During direct examination, [J.H.F.] acknowledged he had taken the complainant, I.Z., to a Boston Market prior to driving to the park behind the Mann Music Center. [He] testified that he and I.Z. were originally going to his family's barbecue in Fairmount

Park when he received a text from his nephew advising that the barbecue was now taking place at another location on "Lancaster [Avenue]." [J.H.F.] testified that he was unable to find the new location for the barbecue. [He] asked I.Z. if she was hungry and when she said yes, he took her to eat at a Boston Market Restaurant. After leaving the Boston Market Restaurant, he began driving with I.Z. back towards their neighborhood, but when I.Z. told him that she liked to look at the stars, he decided to drive to Fairmount Park where he himself would sometimes go to "sit[and meditate, pray]." (N.T. Trial, 11/30/17, at 137).

During this direct examination, trial counsel showed [J.H.F.] a map to assist him in explaining where on Lancaster Avenue he was driving when trying to find the barbecue location and how he arrived at the park (Fairmount Park) from the Boston Market Restaurant location. (*See id.* at 134-37).

… [J.H.F.'s] counsel … asked [J.H.F.] "Did you take the most direct route, or did you go another way?" to which [J.H.F.] responded "To be honest, I don't remember" and I'm not good at that." (*Id.* at 136).

(PCRA Court Opinion, 4/21/21, at 2-3, 10-11) (record citation formatting provided). On cross-examination, the Commonwealth used the map in an attempt to show that J.H.F. had not taken the best route from the Boston Market Restaurant to Fairmount Park. (*See id.* at 151).

On December 4, 2017, the jury convicted J.H.F. of unlawful contact with a minor and corruption of the morals of a minor. When the jury could not reach a unanimous decision on indecent assault, the court granted the Commonwealth's motion to *nolle prosse* the charge.

A sentencing hearing occurred on March 19, 2018. The defense renewed its motion for judgment of acquittal and moved for extraordinary relief, which the court denied. The court imposed an aggregate sentence of

not less than three and one-half nor more than seven years' incarceration.  It denied J.H.F.'s timely post-sentence motions challenging the sufficiency and weight of the evidence on the basis of I.Z.'s uncorroborated testimony without a hearing on June 29, 2018.  J.H.F. filed a direct appeal, which he discontinued.

On October 10, 2018, J.H.F. filed a timely *pro se* PCRA petition. Appointed counsel filed an amended petition and a supplemental amended petition.  The amended petitions raised claims of trial counsel's ineffectiveness for:  (1) failing to cross-examine two Commonwealth witnesses thoroughly, (2) failing to file a motion to suppress the Affidavit of Probable Cause, (3) failing to interview or present proposed witness Jiberl Cooper, (4) questioning him about a map on direct examination, and (5) improperly conducting jury selection.  It also made constitutional claims:  (1) prosecutorial misconduct for suborning perjury, (2) the Commonwealth's failure to prove the charges beyond a reasonable doubt, and (3) a Rule 600 speedy trial violation.  (**See** Memorandum in Support of Amended Petition, 6/26/19).  After the Commonwealth filed a motion to dismiss the petition, the court issued a Rule 907 notice of its intention to dismiss the petition without a hearing on November 13, 2019.  **See** Pa.R.Crim.P. 907(1).  On January 8, 2020, the court

dismissed the petition and J.H.F. filed a timely notice of appeal. He and the court have complied with Rule 1925. *See* Pa.R.A.P. 1925.[4]

## II.

## A.

In his first issue, J.H.F. alleges the ineffective assistance of trial counsel on several bases. (*See id.* at 14-15). He maintains that counsel refused to present the testimony of Jiberl Cooper, presented a map that J.H.F. did not agree to use at trial, failed to seek suppression of the Affidavit of Probable Cause, failed to adhere to J.H.F.'s directions during jury selection and did not properly cross-examine "both of the Commonwealth witnesses." (*Id.*).[5]

_____

[4] In reviewing a denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's determination and whether its decision is free of legal error. *See Commonwealth v. Lopez*, 249 A.3d 993, 998 (Pa. 2021). "In reviewing credibility determinations, we are bound by the PCRA court's findings so long as they are supported by the record." *Id.* (citation omitted). "The PCRA court's findings and the evidence of record are viewed in the light most favorable to the Commonwealth as the winner before the PCRA court." *Id.* (citation omitted).

[5] At the outset, we note that "It is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and citations to legal authority." *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010). J.H.F. fails to provide any citation to the record or pertinent legal citation and discussion thereof for each of his claims. (*See* J.H.F.'s Brief, at 14-15). Instead, he provides boilerplate law on the three prongs of the ineffectiveness test, but then addresses each distinct claim in approximately three sentences, stating in a conclusory fashion that each allegation satisfies the three ineffectiveness prongs. (*See id.*). Therefore, the claims are waived. *Commonwealth v. Perez*, 93 A.3d 89, 838 (Pa. 2014) (Failure to present developed arguments or cite to supporting authorities and/or the record
*(Footnote Continued Next Page)*

- 6 -

In considering an ineffective assistance of counsel claim, we observe first that counsel is presumed effective and that a petitioner bears the burden to prove otherwise. **See Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. Super. 2014). To establish an ineffectiveness claim, a defendant must prove:

> (1) The underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

**Id.** (citation omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim. … When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." **Id.** (citations and internal quotation marks omitted). Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. **Commonwealth v. Bond**, 819 A.2d 33, 42 (Pa. 2002) (citation omitted). "Counsel will not be deemed ineffective for failing to raise a meritless claim." **Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. Super. 2006) (citation omitted).

---

results in waiver of the claim.); **see also Fears**, **supra** at 804 ("When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development.") (citation omitted). Moreover, they would not merit relief.

**1.**

J.H.F. first alleges that trial counsel was ineffective in refusing "to present the testimony of witness Jiberl Cooper … [which] tended to establish a valid defense." (J.H.F.'s Brief, at 14).  Because that testimony presented a valid defense, J.H.F. contends counsel's decision "was not reasonably designed to advance [his] interests" and "adversely affected the outcome of trial."  (**Id.** at 14, 16).

To prevail on a claim of ineffectiveness for the failure to interview a witness or call him at trial, the petitioner must prove:

> (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.

**Commonwealth v. Brown**, 767 A.2d 576, 581 (Pa. Super. 2001) (citation omitted).  "Thus, trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense." **Commonwealth v. Auker**, 681 A.2d 1305, 1319 (Pa. 1996). "A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." **Id.**

Although J.H.F. maintains that the testimony of Jiberl Cooper was admissible and tended to establish a valid defense, he fails to provide the PCRA court or this court with any information about who this witness is or to

what information he would have testified that would have "tended to establish a valid defense." (*See* J.H.F.'s Brief, at 14, 16); (*see also* Memorandum of Law in Support of Amended PCRA Petition, 6/26/19, at 3) (pagination provided). Because he cannot establish what defense the witness was going to advance, he cannot claim counsel lacked a reasonable basis for not introducing the proposed witness or that he was prejudiced by this decision. *See Fears*, *supra* at 804.

Further, as noted by the PCRA court, J.H.F. failed to attach a signed certificate to his PCRA petition pursuant to Section 9545(d)(1) that included the witness's name, address, date of birth and the substance of his proposed testimony. (*See* PCRA Ct. Op., at 9). As a result, the trial court clearly did not abuse its discretion by failing to conduct an evidentiary hearing where J.H.F. failed to present any witness to the court who could give admissible testimony on this issue. *See Brown*, *supra* at 583 (PCRA court properly denied ineffective assistance of counsel claim of failure to call a witness without a hearing where no certifications attached to PCRA petitions). This issue lacks merit.

**2.**

J.H.F. argues next that trial counsel was ineffective because he introduced a map that he did not agree to use because he had told him he did not remember the exact route he took when driving I.Z. and, therefore, he

had advised that using the map would be detrimental to his defense. (***See*** J.H.F.'s Brief, at 14).

This issue challenges counsel's trial strategy. "Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." ***Commonwealth v. Lesko***, 15 A.3d 345, 380 (Pa. 2011). "We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Commonwealth v. Hanible***, 30 A.3d 426, 439 (Pa. 2011), *cert. denied*, 568 U.S. 1091 (2013) (citation omitted).

In this case, in his three-sentence paragraph addressing this issue, J.H.F. characterizes the use of the map as a "surprise," but concedes that he was aware of counsel's intention to use it since he had told counsel he did not remember the route he took and, therefore, believed use of the map would be detrimental. (J.H.F.'s Brief, at 14). J.H.F. concludes that because counsel used the map even though he said he did not remember what route he took, the first two prongs of the ineffectiveness test are satisfied. (***See*** J.H.F.'s Brief, at 14).

However, the record reflects that counsel utilized the map to assist him in explaining where on Lancaster Avenue J.H.F. was driving while looking for

his family's barbecue and to explain the route he took from the Boston Market Restaurant. Although the Commonwealth then attempted to use the same map to show that J.H.F. did not take the best route from the restaurant to the park, it appears from the line of questioning that J.H.F.'s counsel used the map to show on direct that J.H.F. was not good with driving directions. (**See** N.T. Trial, 11/30/17, at 136); (**see also** PCRA Ct. Op., at 10-11). J.H.F. provides no argument or alternative strategy that would have offered a substantially better chance of success. **See Hanible**, **supra** at 439; **Lesko**, **supra** at 380. He has failed to plead, let alone prove, that counsel lacked a reasonable basis for his trial strategy.

Additionally, J.H.F. has failed to plead and prove that he was prejudiced by the introduction of the map, *i.e.*, that but for its introduction, the outcome of the proceeding would have been different. **See Bond**, **supra** at 42. J.H.F. is due no relief on his second ineffectiveness claim.

### 3.

In his third allegation of trial counsel's ineffectiveness, J.H.F. maintains that counsel failed to seek suppression of the Affidavit of Probable Cause supporting his arrest warrant and a **Franks** hearing to determine if a

materially false statement in the affidavit would invalidate the warrant, thus violating his constitutional rights. (**See** J.H.F.'s Brief, at 8, 15).[6]

In **Franks**, the United States Supreme Court held:

[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

**Franks**, **supra** at 155-56. Further, "[t]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth[.]" **Id.** at 171.

In his memorandum in support of his amended PCRA petition, J.H.F. stated that the Affidavit of Probable Cause "contained information that was

---

[6] J.H.F. also maintains, for the first time, that counsel failed to explain his trial tactics to him pursuant to **Commonwealth v. Polster**, 616 A.2d 669 (Pa. Super. 1992). (**See** J.H.F.'s Brief, at 14-15). This issue is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Moreover, he would be due no relief where he provides no discussion of this one-sentence claim, thereby failing to plead and prove the three ineffectiveness of counsel prongs. **See Fears**, **supra** at 804.

material to the finding of probable cause that was proven by [I.Z.] to be patently false." (Memorandum of Law in Support of Amended PCRA Petition, 6/26/19, at 3) (pagination provided); (*see also* Memorandum of Law in Support of *Pro Se* PCRA Petition, 6/18/19, at 2) (affidavit stated that I.Z. agreed to get into J.H.F.'s vehicle but this was contradicted by I.Z.'s testimony) (pagination provided). However, it is difficult to see how this amounted to a "false statement that was knowingly and intentionally, or with reckless disregard for the truth, [] included by the affiant in the warrant affidavit," or that this "allegedly false statement [was] necessary to the finding of probable cause[.]" *Franks*, *supra* at 155-56.

The PCRA court properly found that this argument does not merit relief because J.H.F. has failed to plead and prove that there was any underlying merit to his claim that counsel was ineffective for failing to challenge the Affidavit of Probable Cause and demand a *Franks* hearing, and counsel will not be found ineffective for failing to raise such a meritless claim. *See Spotz*, *supra* at 1210; *Fears*, *supra* at 802.

**4.**

In his fourth ineffective allegation, J.H.F. maintains that trial counsel's "failure to adhere to [his] directions during jury selection, denied [him] the opportunity to assist in the jury selection process[,]" thus violating "his Sixth Amendment rights." (J.H.F.'s Brief, at 15). Specifically, in his Memorandum of Law, J.H.F. claimed that he was denied the opportunity to strike jurors for

cause where he advised counsel that several jurors had a "preconceived bias against him based on the factual allegations in the case." (Memorandum of Law in Support of PCRA Petition, 6/26/19, at 3) (pagination provided). He claims that this claim (absent more) establishes arguable merit and that "counsel's action was not reasonably designed to advance [his] interests." (*See* J.H.F.'s Brief, at 15).

However, the PCRA court found that because J.H.F. failed to identify any juror he claims was biased against him or that he advised counsel not to select, he failed to meet his burden of establishing arguable merit or prejudice to support his claim of ineffective assistance. (*See* PCRA Ct. Op., at 12). We agree.

In both his petition and brief to this Court, J.H.F. does not provide any evidence supporting the vague claim of juror bias. As a result, this claim does not merit relief because he is unable to effectively claim that this bias somehow prejudiced him by affecting the outcome of the case. **See Commonwealth v. Sandusky**, 203 A.3d 1033, 1083 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1029 (Pa. 2019) (concluding petitioner failed to establish ineffective assistance of counsel for impaneling allegedly biased jurors where he cannot identify specific instances of juror bias that affected the outcome of the case).

**5.**

In his fifth and final allegation of trial counsel's ineffectiveness, J.H.F. complains that "counsel's failure to properly cross-examine both Commonwealth witnesses violates his constitutional right to confront witnesses against him." (J.H.F.'s Brief, at 15). He maintains that counsel failed to challenge the witnesses' credibility or to recall them during the defense's case-in-chief, without explanation, despite J.H.F.'s request that he do so. (**See id.**); (**see also** Memorandum in Support of Amended PCRA Petition, 6/26/19, at 2) ("Proper cross-examination of [G.R. and I.R.] would have revealed their corrupt motive to present perjured testimony, revealing possible biases, prejudices, or ulterior motives that relate directly to the issues in the case at hand.") (pagination provided).

It is well-settled that "trial decisions, especially those pertaining to the nature and extent of cross-examination, are matters of style and tactics involving subtle stratagems which ordinarily are within the exclusive province of the trial counsel." **Commonwealth v. Smolko**, 666 A.2d 672, 680 (Pa. Super. 1995) (citation omitted). "Absent any showing that appellant was harmed by counsel's decision not to cross-examine [witnesses] more extensively, we cannot say that trial counsel was ineffective based upon appellant's bald assertion that counsel should have chosen a different strategy." **Id.** This is so because, to constitute ineffective assistance, "[c]ounsel's approach must be so unreasonable that no competent lawyer

would have chosen it." ***Commonwealth v. Loner***, 836 A.2d 125, 133 (Pa. Super. 2003), *appeal denied*, 852 A.2d 311 (Pa. 2004) (internal quotation marks and citation omitted).

In this case, J.H.F. fails to specifically identify what the complained-of testimony was or to explain the witnesses' "possible biases, prejudices or ulterior motives" that would have been revealed by further cross-examination. (***See*** J.H.F.'s Brief, at 15; Memorandum in Support of Amended PCRA Petition, 6/26/19, at 2) (pagination provided). These boilerplate, vague allegations of bias are insufficient to establish the underlying merit of his claim. ***See Commonwealth v. Jones***, 815 A.2d 598, 612 (Pa. 2002) (mere boilerplate allegations are inadequate to meet the affirmative burden to rebut the presumption that counsel was competent and effective).

Further, J.H.F. has failed to establish how a more thorough cross-examination or recall of the witnesses for his case-in-chief would have impacted the outcome of the case. Therefore, he has also failed to establish that he was prejudiced by counsel's actions and his claim does not merit relief. ***See Bond***, ***supra*** at 42; ***Fears***, ***supra*** at 804.[7]

---

[7] Moreover, because he has failed to plead and prove that any of his ineffectiveness of counsel claims have merit, we are not persuaded by J.H.F.'s argument that he was prejudiced by the cumulative effect of counsel's performance. (***See*** J.H.F.'s Brief, at 15-16); ***see also Commonwealth v. Bardo***, 105 A.3d 678, 717 (Pa. 2014) ("[N]o number of claims that have been denied because of lack of merit can collectively warrant relief.") (citation omitted).

**B.**

J.H.F. next claims that he is entitled to relief pursuant to Section 9543(a)(2)(i) because his constitutional rights to due process were violated when the Commonwealth introduced perjured testimony, failed to prove each element of the crimes with which he was charged beyond a reasonable doubt and violated his speedy trial rights. (**See** J.H.F.'s Brief, at 17).

Section 9543(a)(1)(i) of the PCRA provides that:

> To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence … [t]hat the conviction or sentence resulted from … [a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S. § 9543(a)(2).

**1.**

In J.H.F.'s first constitutional claim, he alleges prosecutorial misconduct for the Commonwealth's alleged reliance on perjured testimony. (**See** J.H.F.'s Brief, at 17-18). However, J.H.F. is not eligible for relief on this claim because it is waived where he failed to raise it in his post-sentence motions or in a direct appeal. **See** 42 Pa.C.S. §§ 9543(a)(3); 9544(b).

Additionally, although J.H.F. states that he is entitled to relief for the Commonwealth's reliance on G.R. and I.Z.'s allegedly perjured testimony because "the prosecution's failure to correct false testimony violates due process even when the prosecution was unaware that the testimony was

false," he fails to identify what testimony allegedly was perjured or even claim, let alone prove, that it "so undermined the truth determining process that no adjudication of guilt or innocence could have taken place." (J.H.F.'s Brief, at 17) (citing **Giglio v. United States**, 405 U.S. 150 (1972)); 42 Pa.C.S. § 9542(a)(2)(i). In fact, he provides absolutely no argument or references to the record from which we can conduct any review. **See** Pa.R.A.P. 2119(a), (c). Accordingly, this issue is waived.[8]

**2.**

Next, J.H.F. claims that the Commonwealth violated his due process rights because it failed to prove all elements of the crimes with which he was charged. (**See** J.H.F.'s Brief, at 18).

Although J.H.F. attempts to frame this as a constitutional challenge to bring it within the purview of the PCRA, a claim that the Commonwealth failed to prove all elements of a crime is a challenge to the sufficiency of the evidence, which is not a cognizable PCRA claim.[9] **See Commonwealth v. Bell**, 706 A.2d 855, 861 (Pa. Super. 1998).

---

[8] Similarly, J.H.F. failed to develop this claim in any way before the PCRA court.

[9] J.H.F. claims that I.Z.'s testimony was uncorroborated, which goes to the weight of the evidence, not its sufficiency. (**See** J.H.F.'s Brief, at 18). Challenges to the weight of the evidence are not cognizable under the PCRA. **See Commonwealth v. Price**, 876 A.2d 988, 995 (Pa. Super. 2005).

Moreover, even if it were cognizable, the record reveals that in his post-sentence motion, J.H.F. argued that the evidence was insufficient to prove unlawful contact with a minor because I.Z.'s testimony was inconsistent and uncorroborated. He then filed a supplemental post-trial motion challenging the weight of the evidence on the same basis. (*See* J.H.F.'s Post Sentence Motion, 3/29/18, at 4-5); (Supplemental Post Sentence Motion, 6/03/18, at 2). The court denied both motions and J.H.F. discontinued his direct appeal. Therefore, even if this were a cognizable PCRA claim, it was waived.[10] *See* 42 Pa.C.S. §§ 9543(a)(3), 9544(b).

**3.**

In his final constitutional argument, J.H.F. argues that his constitutional right to a speedy trial was violated. (*See* J.H.F.'s Brief, at 18). Specifically, he maintains that he was arrested and the criminal complaint was filed on September 4, 2015, but his retrial did not begin until November 28, 2017, thus violating his right to a speedy trial pursuant to Rule 600, and the Commonwealth failed to prove that it exercised due diligence. (*See id.*).

---

[10] Moreover, the PCRA court observes that, contrary to J.H.F.'s claim that I.Z.'s testimony was uncorroborated, the Commonwealth presented multiple witnesses who testified in support of I.Z.'s allegations against J.H.F. The court also notes J.H.F.'s failure to identify exactly what about her testimony was uncorroborated and how this impacted the verdict. It was for the trier of fact to believe all, some or none of the evidence in determining the weight to be afforded to it, and the court did not find that the verdict shocked its sense of justice. (*See* PCRA Ct. Op., at 14). Hence, this claim would fail, even if cognizable under the PCRA.

We first observe that this is not a cognizable PCRA claim because it is not couched in terms of the ineffective assistance of counsel claim and is waived because it could have been raised at trial, in a post-sentence motion or on direct appeal. *See Commonwealth v. Prout*, 814 A.2d 693, 696 (Pa. Super. 2002); 42 Pa.C.S. §§ 9543(a)(3); 9544(b). Moreover, even if it were properly brought as an ineffectiveness claim for counsel's failure to raise the issue, J.H.F. would not be due any relief.

Rule 600 of the Pennsylvania Rules of Criminal Procedure "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society." *Commonwealth v. Watson*, 140 A.3d 696, 698 (Pa. Super. 2016) (citation omitted). It directs that a prosecution "shall commence within 365 days from the date on which the complaint was filed." Pa.R.Crim.P. 600(A)(2)(a). In computing the time for Rule 600 purposes, the court shall consider only "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence." Pa.R.Crim.P. 600(C)(1). "Any other periods of delay shall be excluded from the computation." *Id.* Dismissal of charges is "an extreme sanction" that punishes not only the prosecutor, but the public at large, and "should be imposed sparingly." *Commonwealth v. Goldman*, 70 A.3d 874, 881 (Pa. Super. 2013) (citations omitted). A court "should consider dismissal of charges only where the actions of the

Commonwealth are egregious and where the demonstrable prejudice will be suffered by the defendant if the charges are not dismissed." *Id.*

J.H.F. fails to provide the calculations required to demonstrate that a Rule 600 motion would have been successful due to the Commonwealth's failure to exercise due diligence; nor has he pleaded and proved any prejudice. Hence, we conclude that the PCRA court properly found that his underlying claim would lack merit where he fails to provide any evidence that the Commonwealth did not exercise due diligence, and any ineffectiveness allegation on this basis would fail. *See Fears*, *supra* at 804; *Spotz*, *supra* at 1210. This argument does not merit relief.

## C.

Finally, J.H.F. claims that the PCRA court abused its discretion by declining to hold an evidentiary hearing on his allegations. (*See* J.H.F.'s Brief, at 18-19).

"The right to an evidentiary hearing on a post-conviction petition is not absolute." *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2011). The decision to deny a request for an evidentiary hearing is within the discretion of the PCRA court. *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

The PCRA court declined to hold a hearing where J.H.F.'s petition contained only "baseless and unmeritorious claims of ineffectiveness and constitutional violations without any support contained in his petition or in the

record[.]" (PCRA Ct. Op., at 19). We discern no abuse of discretion and J.H.F. is due no relief on this claim.

Based on the foregoing, we conclude that the record supports the PCRA court's decision and we discern no legal error. **See Lopez**, **supra** at 998.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2021