J-S18029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                            :              PENNSYLVANIA
                                              :

                  v.                            :
                                            :

CLIFF CROSBY                        :
                                              :

                Appellant           :     No. 1401 MDA 2021

Appeal from the Judgment of Sentence Entered September 2, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000577-2021

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED:  SEPTEMBER 9, 2022**

Cliff Crosby appeals the judgment of sentence following his jury trial convictions for possession with intent to deliver ("PWID") and criminal use of communication facility.[1] Crosby alleges that the trial court erred in denying his motion to dismiss pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure and his motion to dismiss for a violation of his constitutional right to a speedy trial. We affirm on the basis of the opinion of the Honorable Scott Arthur Evans.

On July 25, 2019, the Commonwealth filed a criminal complaint against Crosby. The court held a preliminary hearing on February 11, 2021. It held an arraignment hearing on February 23, 2021. The Commonwealth originally scheduled Crosby's trial for March 8, 2021, but it was continued to April 12,

---

[1] 35 P.S. § 780–113(a)(30) and 18 Pa.C.S.A. § 7512, respectively.

due to a lack of availability of a courtroom to hold the trial. On March 26, Crosby filed a motion to dismiss pursuant to Rule 600. On April 9, the trial was continued to May 17. The court held a hearing on the motion on April 23.

At the hearing, the parties agreed that the periods of March 18, 2020, through August 31, 2020, and December 7, 2020, through March 7, 2021, were excludable due to an order providing that these periods "shall" be excluded from the calculation of Rule 600(C) due to the COVID-19 pandemic. *See* N.T., Rule 600 Motion, 4/23/21, at 4; Declarations dated 3/18/20, 4/1/20, 5/29/20; 6/2/20; 12/11/20.

The Commonwealth presented testimony from Kurt Zitsch, the affiant of the criminal complaint. N.T., Rule 600 Motion, at 4-5. Zitsch testified that after filing the complaint, the only measure he took to find Crosby was "forward[ing] a copy of the complaint and warrant to Sergeant Meik" so that he was aware of the arrest warrant for Crosby. *Id.* at 5. He testified that on November 5, 2020, the warrant control unit informed him that Crosby had been incarcerated since July 2020. *Id.* at 6. Upon receiving this information, Zitsch "contacted the Magisterial District Judge's Pianka's office and made them aware to move forward to have him arraigned and move forward with a preliminary hearing." *Id.*

During argument, the Commonwealth contended that Zitsch's contact with the court upon learning of Crosby's incarcerated status "constitutes an action to bring the case to trial[.]" *Id.* at 14. The Commonwealth also stated that it listed the case for trial during the March trial term. However, the case

was listed as a backup and ultimately had to be given a new date "because jury selection had already taken place for the March trial term there." *Id.* Defense counsel argued that the Commonwealth did not act with due diligence to locate Crosby after filing the criminal complaint. *Id.* at 10-11.

The court denied the motion on April 26. It concluded that the Commonwealth did not exercise due diligence between the filing of the complaint and November 5, when it learned that Crosby was incarcerated. *See* Memorandum Opinion and Order of Court, filed 4/26/21, at 4. However, it determined that the Commonwealth operated with due diligence between the periods of November 5 through December 7 and March 8 through March 26, amounting to 50 days of excludable time. *Id.* It also concluded that the periods of March 18, 2020, through August 31, 2020, and December 7, 2020, through March 7, 2021, were also excludable due to the court's order suspending Rule 600 because of the COVID-19 pandemic. *Id.* at 6.

On May 13, 2021, Crosby requested a continuance for trial until June 21. On May 27, Crosby filed a motion to dismiss arguing that his right to a speedy trial under state and federal constitutions had been violated. The court denied the motion on June 2. Crosby proceeded to trial on June 21. The jury found him guilty of two counts each of PWID and criminal use of communication facility. The trial court sentenced Crosby to an aggregate term of six to 20 years' incarceration. Crosby filed a post-sentence motion which the trial court denied. This timely appeal followed.

Crosby presents two issues for our review:

I.      Did not the court err in denying [Crosby's] motion to dismiss pursuant to Pa.R.Crim.P. 600?

II.     Did not the court err in denying [Crosby's] motion to dismiss based on a violation of his speedy trial rights under the United States and Pennsylvania Constitutions?

Crosby's Br. at 5 (suggested answers omitted).

Crosby's first claim challenges the court's denial of his Rule 600 motion. He maintains that the trial court erred in concluding that 50 days were excludable. He argues that the periods from November 5, 2020 through December 7, 2020, and from March 8, 2021 through March 26, 2021, were not excludable. For the period of November through December, he alleges that the Commonwealth provides no explanation for why it should be excluded, and the time instead should be characterized as the normal progression of the case. Regarding the period from March 8 through March 26, he maintains that though the case was listed for trial on March 8, the Commonwealth could not go to trial on that date because another case was listed for trial in the courtroom. He states that the Commonwealth did not explain why that case was given priority over his.

Our standard of review of a trial court's decision of a defendant's Rule 600 motion is that of an abuse of discretion. **See Commonwealth v. Leaner**, 202 A.3d 749, 765-66 (Pa.Super. 2019). Our scope of review is limited to the evidence presented at the Rule 600 motion hearing and the court's findings of fact. **See Commonwealth v. Watson**, 140 A.3d 696, 698 (Pa.Super. 2016).

We "view the facts in the light most favorable to the prevailing party." ***Id.*** (citation omitted). To determine the proper calculation of time, a court should determine the mechanical run date, determine any excludable time, and then add the amount of excludable time to the mechanical run date to determine the adjusted run date. ***See Commonwealth v. Wendel***, 165 A.3d 952, 956 (Pa.Super. 2017).

Rule 600 provides that when a criminal complaint has been filed against a defendant, the trial for that defendant must commence within 365 days. ***See*** Pa.R.Crim.P. 600(A)(2)(a). To determine if the trial began within the prescribed number of days, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence." ***Id.*** at 600(C)(1). Rule 600 also provides that other forms of delay may be excluded, including time attributable to the court and delay that occurs despite the Commonwealth's exercise of due diligence. ***Id.*** at 600(C)(1)-(2).

Determining whether the Commonwealth exercised due diligence is a fact-specific, case-by-case, inquiry, that "does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Id.*** at 600, cmt. (citations omitted). Furthermore, "the Commonwealth is required to demonstrate that it acted with due diligence during a time period before that period can be deemed excludable." ***Commonwealth v. Harth***, 252 A.3d 600, 617 (Pa. 2021) (emphasis

omitted). "[W]here a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017) (citations omitted).

Here, the trial court determined that the contested days of November 5, 2020, through December 7, 2020, were excludable because the Commonwealth had acted with due diligence. The court determined that when the Commonwealth learned of Crosby's incarcerated status, it immediately moved to have his case listed for an arraignment and a preliminary hearing. *See* Rule 1925(a) Opinion ("1925(a) Op."), filed 11/30/21, at 5. Thus, the trial court concluded that "the Commonwealth had done precisely what it should have done. It immediately advised the [c]ourt and requested the hearings to be scheduled." *Id.* at 6.

Regarding the time between March 8 and March 26, the trial court determined that the time was excludable as well. It determined that the Commonwealth set trial for March 8, "the next scheduled jury trial term." *Id.* at 2. It noted that the Commonwealth listed the case for trial despite the backlog of cases with the court, "in the hope that it could proceed should the scheduled trials not." *Id.* at 6. When it was not possible to have the trial in March because of an already listed case, "the case was moved to the next trial term in April." *Id.* The court determined that the efforts of the Commonwealth amounted to due diligence and that it did all that it could following November 5 to bring Crosby to trial. *See id.* The court also noted that Crosby failed to

- 6 -

argue that the Commonwealth did not exercise due diligence during these periods and instead limited his argument to the period between the complaint and November 5. **See id.**

After reviewing the briefs, the trial court record, the relevant case law, and the trial court's well-reasoned opinion, we affirm on the basis of the trial court opinion. **See id.** at 4-8. The court's determination of the Commonwealth's due diligence is supported by the record and the Commonwealth demonstrated its due diligence before the court's determination of any excludable time. **See Harth**, 252 A.3d at 617.

Crosby's remaining issue challenges the court's denial of his motion to dismiss for violation of his constitutional right to a speedy trial. He maintains the delay in bringing his case to trial "was caused by the Commonwealth's failure to expend any effort whatsoever in ascertaining Mr. Crosby's whereabouts." Crosby's Br. at 25. He maintains that but for the information that was eventually given to Zitsch on November 5, "the Commonwealth's inability to locate Mr. Crosby's whereabouts could have been indefinite." **Id.**

We review a court's determination of a speedy trial violation for an abuse of discretion. **See Commonwealth v. Miskovitch**, 64 A.3d 672, 677 (Pa.Super. 2013). "[O]ur scope of review is limited to the trial court's findings and the evidence on the record, viewed in the light most favorable to the prevailing party." **Id.** (citation and quotation omitted).

State and federal constitutions provide defendants a right to a speedy trial. **See Commonwealth v. DeBlase**, 665 A.2d 427, 432 (Pa. 1995). In

- 7 -

*Barker v. Wingo*, 407 U.S. 514 (1972), the United States Supreme Court provided four factors to consider when faced with the question of whether a defendant's speedy trial rights had been violated. These factors are: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Commonwealth v. Jones*, 299 A.2d 288, 291 (Pa. 1973) (quoting *Barker*, 407 U.S at 530).

Here, in its analysis of the *Barker* factors, the trial court determined that Crosby's right to a speedy trial had not been violated. The court found that the length of delay in bringing Crosby's case to trial was 22 months. *See* 1925(a) Op. at 9. It stated that the delay was due to Zitsch's failure to locate him after filing the criminal complaint. *See id.* at 10. Looking to the next factor, the court concluded that Crosby had not asserted his constitutional right to a speedy trial until after the trial court denied his Rule 600 motion. *See id.* at 10-11. Regarding prejudice, the court found that Crosby had not suffered any. It also stated that Crosby's claims of prejudice were speculative. *See id.* at 12-13. The court, therefore, concluded that "considering the relatively short delay compared to the one found insufficient in *Barker* and the absence of any actual prejudice," Crosby's claim was meritless. *Id.* at 13.

After reviewing the briefs, the trial court record, the relevant case law, and the trial court's well-reasoned opinion, we affirm on the basis of the trial court opinion. *See id.* at 9-13. The court conducted a thorough analysis of the *Barker* factors and its conclusions are supported by the record.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/09/2022